UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| JOSE QUINTERO, | ) |
| | ) |
| Petitioner | ) Civil Action No. 5: 11-CV-256- |
| | ) JMH |
| v. | ) |
| | ) |
| DEBORAH A. HICKEY, Warden, et al., | ) |
| | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondents | |

\*\*\*\*      \*\*\*\*      \*\*\*\*      \*\*\*\*

Jose Quintero ("Quintero"), an inmate incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE # 1] and paid the $5 filing fee [DE # 6].

The Petition is before the Court for screening.[1]  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. 2002). During screening, the allegations are taken as true and liberally construed in the *pro se* Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to

---

[1] This matter is also before the Court on Quintero's "Motion To Expedite" the consideration of his habeas petition [DE #7]. This motion appears to be based on his belief that his release date should have been September 20, 2011, and that his continued confinement is unlawful.

establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In this action, Quintero challenges the BOP's decision not to restore 365 days of statutory good time credit that had previously been forfeited as a sanction imposed from a prior incident report and disciplinary hearing. For the reasons explained below, the Court will deny Quintero's § 2241 petition and dismiss same without prejudice due to his failure to pursue and exhaust his claims through the BOP's administrative remedy process. Upon exhaustion, if Quintero does not receive the relief he seeks herein, he is free to file a new habeas petition pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On April 19, 1988, Quintero was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and received a 40-year sentence of imprisonment. *United States v. Quintero*, 87-CR-336, Western District of Texas. Per the Inmate Locator feature of the BOP's website, http://www.bop.gov, his projected release date is November 20, 2013.

Quintero has been incarcerated for twenty-four (24) years. During the course of this period, he has been charged with infractions of various prison rules on several occasions, resulting in the forfeiture of various amounts of Statutory Good Time ("SGT"). Over the course of this same time-frame, Quintero has also had portions of this SGT restored. Due to his maintaining a

clear conduct record for an extended period of time, most of his SGT has been restored. In fact, it appears that all of his forfeited SGT has been restored with the exception of 365 days.

In June of 2011, Quintero was eligible for the restoration of 730 days SGT. On June 14, 2011, his Unit Team and Unit Manager recommended that 365 days of his SGT be restored. This recommendation was approved by the DHO and through all other levels of review; thus, Quintero has 365 days of SGT yet to be restored. That 365 days is the subject of the present habeas petition. Quintero claims that he was entitled to the restoration of all 730 days of SGT, not just 365 days, and that the failure to restore all of his SGT resulted in his being ineligible for placement in a Halfway House and having to remain in prison for an additional period of time. Quintero asserts that if all forfeited SGT had been restored, his release date would have been September 20, 2011, more than two years prior to November 20, 2013, his release date as calculated by the BOP.

In this action, Quintero requests the Court to order the BOP to restore his remaining 365 days of forfeited SGT and to order that he be released from custody.

### DISCUSSION/ANALYSIS

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the available administrative remedies within the

3

BOP before filing a petition seeking habeas corpus relief pursuant to Section 2241. *See, e.g., Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curium); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curium). The exhaustion doctrine promotes a number of desirable goals including filtering out frivolous claims and developing a full and complete factual record. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP's Administrative Remedy Program, a three-tier process, is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement," except tort claims, inmate accident compensation claims, and Freedom of Information or Privacy Act requests. *See* 28 C.F.R. §§ 542.10, 542.12(b). To exhaust an administrative remedy, an inmate must initially attempt to informally resolve the issue with staff by submitting a BP-8. *See* 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within 20 days of the date on which the basis for the request occurred, or within any extension permitted. *See* 28 C.F.R. 542.14.[2]

---

[2] Once an inmate initiates the Administrative Remedy process by filing a BP-9 request with the Warden, the Warden is required to respond to that request within 20 calendar days; the inmate "may

4

Based on the attachments to Quintero's habeas petition, on June 14, 2011, Quintero's Unit Team and Unit Manager recommended the restoration of 365 days of forfeited SGT. The Unit Team recognized that Quintero was eligible for the restoration of 730 days of SGT; however, for the reasons stated in the Statutory Good Time Action Notice (Exhibit "C" to habeas petition), the Unit Team recommended the restoration of only half of that time, 365 days. Subsequent to this recommendation dated June 14, 2011, there is no indication that Quintero made any effort to pursue and exhaust his administrative remedies with respect to this action by his Unit Team and Unit Manager, by submitting a BP-9 to the Warden and filing a BP-10 and BP-11 up the chain of administrative review, if necessary.[3]

---

consider the absence of a response" within 20 days or 40 days, if the inmate has been informed in writing of the need for an extension, to be a denial. *Id*. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15(a). The inmate may appeal to the General Counsel on a BP-11 within 30 days of the date the Regional Director signed the response. *Id*. Appeal to the General Counsel is the final administrative appeal. *Id.* The administrative exhaustion process takes approximately 90 days absent extensions of time, and would take 120 days if the BOP opts to extend the time for responding to the claims.

[3] Quintero was previously before the Unit Team on September 27, 2010, concerning this same issue, *viz.*, the restoration of the remainder of his forfeited SGT (730 days). On that occasion, he did pursue and exhaust his administrative remedies concerning the Unit Team's failure to submit form BP-389 for consideration by DHO Smart, Captain Martinez, and Warden Hickey. The Warden denied his Request For Administrative Remedy No. 612951-F1, and the Warden's

Since it is apparent that Quintero did not exhaust his administrative remedies prior to filing this action, this action will be dismissed without prejudice for failure to exhaust. Given Quintero's projected release date of November 20, 2013, and given the length of time required to exhaust the administrative remedy process, Quintero will not be prejudiced by the dismissal of his present habeas petition without prejudice so that he can avail himself of the exhaustion process. If the BOP determines, during the course of the exhaustion process, that Quintero is entitled to the relief he seeks herein, *viz.*, restoration of 365 days of SGT, further judicial review will be unnecessary and the goals of administrative exhaustion will have been achieved.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Jose Quintero's "Motion To Expedite" [DE #7] is **GRANTED**;

(2) Petitioner's § 2241 petition is **DENIED WITHOUT PREJUDICE** to his raising such claims through the Bureau of Prisons Administrative Remedy Procedures, 28 C.F.R. § 542.13-19 and filing a new § 2241 petition, if necessary, if the BOP's final decision is adverse to him;

---

decision was upheld on appeal by Harrell Watts, Administrator, National Inmate Appeals, on May 6, 2011. (*See* Exhibit "E" to habeas petition).

(3) This proceeding is **DISMISSED WITHOUT PREJUDICE**; and,

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This the 3rd day of November, 2011.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge